## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kareem Omari Samuel <br><br> _____Debtor_____ | CHAPTER 13 |
| The Bank of New York Mellon FKA The Bank of New York as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-18 <br><br> _____Movant_____ <br> vs. | NO. 16-14994 MDC |
| Kareem Omari Samuel <br><br> _____Debtor_____ | 11 U.S.C. Section 362 |
| William C. Miller Esq. <br><br> _____Trustee_____ | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$16,778.05,** which breaks down as follows;

| Post-Petition Payments: | April 1, 2017 to September 1, 2017 at $1,262.87/month |
|---|---|
| | October 1, 2017 at $1,299.64/month |
| | November 1, 2017 to March 1, 2018 at $1,312.59/month |
| | April 1, 2018 at $1,338.24/month |
| **Total Post-Petition Arrears** | **$16,778.05** |

2.    The Debtor shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$16,778.05.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$16,778.05** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim;

3.    Beginning with the payment due on May 1, 2018 and continuing thereafter, Debtor shall pay the present regular monthly payment of $1,338.24 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being

assessed after the 15th of the month). Maintenance of current monthly mortgage payments to the Movant thereafter.

4.      Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5.      In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6.      If the Plan is not approved or regular payments do not resume for May 1, 2018, the Stay will automatically be lifted with no further delays.

7.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived .

8.      If the case is converted to Chapter 7, the Movant  shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

9.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10.     The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11.     The parties agree that a facsimile signature shall be considered an original signature.


Date:    March 13, 2017          By:     */s/ Kevin G. McDonald, Esquire*
                                          Kevin G. McDonald, Esquire
                                          Attorney for Movant
                                          KML Law Group, P.C.
                                          Main Number: (215) 627-1322

Date: _____

_____
Georgette Miller, Esquire
Attorney for Debtor

5/8/18

_____
William C. Miller, Esquire
Chapter 13 Trustee **No position**

**without prejudice to any trustee rights or remedies**

Approved by the Court this __11th__ day of _____May_____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Magdeline D. Coleman