United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Kareem Omari Samuel  
    Debtor

Case No. 16-14994-mdc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: ChrissyW     Page 1 of 1     Date Rcvd: May 11, 2018  
Form ID: pdf900     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 13, 2018.
```
db              +Kareem Omari Samuel,    314 Lagrange Avenue,    Essington, PA 19029-1306
13934975        +The Bank of New York Mellon, Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                  8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.     TOTAL: 0

      ***** BYPASSED RECIPIENTS *****  
NONE.     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 13, 2018                      Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 11, 2018 at the address(es) listed below:
```
              DENISE ELIZABETH CARLON    on behalf of Creditor    The Bank of New York Mellon FKA The Bank of New
               York as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series
               2006-18 bkgroup@kmllawgroup.com
              GEORGETTE   MILLER    on behalf of Plaintiff Kareem Omari Samuel info@georgettemillerlaw.com,
               georgettemillerlaw@gmail.com;mlee@georgettemillerlaw.com;gmecfmail@gmail.com;cfink@georgettemille
               rlaw.com;smithcr50524@notify.bestcase.com
              GEORGETTE   MILLER    on behalf of Debtor Kareem Omari Samuel info@georgettemillerlaw.com,
               georgettemillerlaw@gmail.com;mlee@georgettemillerlaw.com;gmecfmail@gmail.com;cfink@georgettemille
               rlaw.com;smithcr50524@notify.bestcase.com
              JACQUELINE M. CHANDLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              KEVIN G. MCDONALD    on behalf of Creditor    The Bank of New York Mellon FKA The Bank of New York
                as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series
               2006-18 bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    The Bank of New York Mellon FKA The Bank of New York as
                Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-18
                tpuleo@kmllawgroup.com,  bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                                             TOTAL: 9
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kareem Omari Samuel <br> Debtor | CHAPTER 13 |
| The Bank of New York Mellon FKA The Bank of New York as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-18 <br> Movant <br> vs. | NO. 16-14994 MDC |
| Kareem Omari Samuel <br> Debtor | 11 U.S.C. Section 362 |
| William C. Miller Esq. <br> Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$16,778.05,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 1, 2017 to September 1, 2017 at $1,262.87/month <br> October 1, 2017 at $1,299.64/month <br> November 1, 2017 to March 1, 2018 at $1,312.59/month <br> April 1, 2018 at $1,338.24/month |
| **Total Post-Petition Arrears** | **$16,778.05** |

2. The Debtor shall cure said arrearages in the following manner;

   a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of $16,778.05.

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $16,778.05 along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim;

3. Beginning with the payment due on May 1, 2018 and continuing thereafter, Debtor shall pay the present regular monthly payment of $1,338.24 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being

assessed after the 15th of the month). Maintenance of current monthly mortgage payments to the Movant thereafter.

4. Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. If the Plan is not approved or regular payments do not resume for May 1, 2018, the Stay will automatically be lifted with no further delays.

7. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date:    March 13, 2017         By:    /s/ Kevin G. McDonald, Esquire
                                       Kevin G. McDonald, Esquire
                                       Attorney for Movant
                                       KML Law Group, P.C.
                                       Main Number: (215) 627-1322

Date: 7/27/18

Georgette Miller, Esquire
Attorney for Debtor

5/8/18

William C. Miller, Esquire
Chapter 13 Trustee *no opposition* **without prejudice to any trustee rights or remedies**

Approved by the Court this __11th__ day of __May__, 2018. However, the court retains discretion regarding entry of any further order.

*Magdeline D. Coleman*

Bankruptcy Judge
Magdeline D. Coleman